UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEVELL LAMAR HAWKINS

      Petitioner                                           Case No. 8:16-cv-1890-T-24AAS

      vs

UNITED STATES OF AMERICA

      Defendant

_____/

O R D E R

Before the Court is *pro se* Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside or correct an illegal sentence. A motion to vacate must be reviewed prior to service on the Government. *See* Rule 4 of the Rules governing § 2255 cases.  If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly dismissed without a response from the Government. 28 U.S.C. § 2255(b). A review of Petitioner's § 2255 motion and the record demonstrate that the motion must be dismissed without a response from the Government.

Petitioner was sentenced to 262 months incarceration on November 30, 2005, for the crimes of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) (count one), and possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) (count two). He was sentenced as a career offender. Petitioner did not appeal. Petitioner filed a first 28 U.S.C. § 2255 motion on June 22, 2016 (date Petition was signed).

Petitioner seeks to vacate his sentence based on *Johnson v. United States,* 135 S.Ct. 2551

(2015), which was held to be retroactive on collateral review in *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 194 L.Ed.2d 387 (2016). *Johnson* held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional. Petitioner admits he was sentenced as a career offender but argues his career offender designation is erroneous and that he should be re-sentenced without the career offender designation. Petitioner also raises two other claims unrelated to *Johnson*, but those claims are untimely and due to be dismissed.    After careful consideration, the Court concludes that *Johnson* affords Petitioner no collateral relief with regard to his sentence, because he was **not** sentenced under the residual clause of the ACCA, He was sentenced as a career offender under the United States Sentencing Guidelines (USCG) §4B1.1.

The Eleventh Circuit held in *United States v. Machete*, 802 F.3d 1185, 1193-96 (11th Cir. 2015) that the vagueness doctrine upon which the Supreme Court invalidated the ACCA's residual clause in *Johnson* does not similarly apply to the advisory Sentencing Guidelines.  In addition, in the case of *In re Griffin*, No. 16-12012, manuscript op. at 7-10 (11th Cir. May 25, 2016), the court observed that an applicant seeking to raise a *Johnson*-based challenge to his career offender enhancement cannot benefit from the Supreme Court's ruling in *Welch* because *Welch* did not make *Johnson* retroactive for purposes of raising a guidelines challenge just because it happened to be based on the residual clause.

Petitioner's § 2255 motion is untimely under 28 U.S.C.§ 2255(f)(1), since it was filed more than one year from the date his conviction became final, and he cannot benefit from an extended limitation period under § 2255(f)(3).

Accordingly, the Court orders:

That Petitioner's motion to vacate is DENIED.  The Clerk is directed to enter judgment

against Petitioner and to close this case.

ORDERED at Tampa, Florida, on July 22, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copy: *pro se* Petitioner